UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DANNEZ HUNTER, Individual Direct Heir, from the Estate of Anna Short Harrington, and Olivia Hunter a/k/a ("Aunt Jemima"),

        Plaintiff,

v.

JOHN D.J. ROCKEFELLER, IV, sued in his individual and official capacity, et al.,

        Defendants.

Case No. 17-CV-1630 (DSD/LIB)

REPORT AND RECOMMENDATION

---

On May 16, 2017, plaintiff Dannez Hunter filed a complaint in this District. The complaint begins with the following sentence

> Plaintiff Dannez Hunter, a Direct Heir Individual from Anna Short Harrington and Olivia Hunter's "closed estates," a/k/a Aunt Jemima 1935 present; hereby, brings forth this 1866 Civil Rights Acts Action, 42 U.S.C. § 1981, for **$33,000,000,000.00** for "Intrusion, Coercian, and Interfere with a Direct Heir's Rights," by the "Executive and Legislative Branch and herein demands "Declaratory Judgment," due to "Grand Larceny," "**Financial Exploitation of a Vulnerable Adult**," "**Economic Genocide**," "**Dependent Adult Identity Theft**," in a pattern of collusion with "RICO Enterprises" to Provide "criminal material support and resources" to "aid" "white terrorists" with carrying out "Espionage" to "Take" the Grandson's "Private Property," "Inheritance" through a "scheme and artifice" hashed by Senator John D.J. Rockefeller, IV, Ring Leader, Sharon P. Rockefeller, as "Shareholders" for PepsiCo Inc., PepsiCo's Board of Directors, as their Legal Principals paid bribes, "Buying Influence" inside the U.S. Department of State / USDOJ to facilitate the "sale" of Anna Short Harrington and Olivia Hunter's Death Certificates to The Quaker Oats Company with intent to unjustly enrich The Rockefeller Family while increasing the membership of the DNC and the Trilateral Commission Committee, as the Secretaries of States provided "services" on "retainer" to Indra Nooyi the "Surrogate Front/Foreign Terrorist" to "secure a future act" to "stonewall

>   investigations" throughout several state and federal government branches as she "targeted 2 white families" and "1 black family" within a "12 month period" and used three or more USDOJ Assistant Attorneys to gain access to our Estate Papers, Documents and Effects to "advantage and award or attain a continuation of business" for the "Transnational Organized Crime Enterprises hereinafter "TOC," while being in "Criminal Contempt" of the *Pigford I & II Decree*, and "overstepping their constitutional authority" in violence of 18 U.S.C. §§ 2, 3, 4, 1427, 1592(a).

and continues in this vein for over 195 single-spaced pages. (Compl., [Docket No. 1], 3-4 ([*sic*] throughout)).

This Court recommends dismissal of this action without prejudice. See, Olson v. Little, 978 F.2d 1246 (8th Cir. 1992) (affirming the district court's *sua sponte* dismissal of a complaint without prejudice for failure to comply with Fed. R. Civ. P. 8). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." At over 50,000 words, Hunter's complaint is longer than both *The Great Gatsby* and the King James Bible's version of the Book of Genesis. As is readily apparent from the except provided by the Court, the overlong complaint meanders across a vast landscape pocked by conspiracy. Portions of the complaint are written in what appears to be Chinese. (See, Compl., [Docket No. 1], 45). By any reasonable definition, Hunter's complaint is neither short nor plain.

If Hunter's complaint were only unnecessarily loquacious, this Court would afford Hunter an opportunity to amend the pleading to a reasonable length. But Hunter has also requested *in forma pauperis* ("IFP") status, [Docket No. 2], and as part of the review of that IFP application, this Court must determine whether the action is frivolous. See, 28 U.S.C. § 1915(e)(2)(B)(i). It is.

A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, gen., Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant if the facts alleged in the applicant's complaint are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, *sua sponte*, if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id. (citing *Neitzke*, 490 U.S. at 325, 328).

The crux of Hunter's complaint is that a cabal of international corporations, former presidents, current public officials, federal agencies, state and municipal governments, and countless other individuals have conspired to deny him royalties from the use of the image of his ancestor Anna Short Harrington, who depicted the fictional "Aunt Jemima" used to advertise food products for the Quaker Oats Company. These allegations in the complaint are not only unlikely, but so unrealistic that they may be rejected out of hand. In addition, Hunter's claims have in substance already been litigated and rejected in federal court. See, Hunter v. Pepsico, Inc., 631 Fed. App'x 445, 445-46 (7th Cir. 2015), affirming 2015 WL 720734 (N.D. Ill. Feb. 18, 2015). Hunter's claims have grown only more outlandish since then, expanding from what began as a relatively straightforward trademark-infringement action into allegations of a global confederacy scheming to deprive him of the proceeds due to a 62-year-old estate. These claims are wholly incredible, and the factual allegations underpinning them are not entitled to the usual assumption of truth.

Accordingly, it is hereby recommended that this action be summarily dismissed without prejudice under Rule 8(a)(2) and § 1915(e)(2)(B)(i). Hunter's remaining pending motions should each be denied as moot in light of that recommended dismissal.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE.

2. The remaining pending motions[1] of plaintiff Dannez Hunter, [Docket Nos. 2, 4, and 5], be DENIED AS MOOT.

Dated: June 8, 2017
s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a

---

[1] Plaintiff's Application to Proceed without Prepaying Fees or Costs, [Docket No. 2]; Plaintiff's Motion and Request for Permission to Exceed 60 Pages for a Civil Complaint, [Docket No. 4]; and Plaintiff's "Motion and Demand Force DNC Partisan Activist Edmond Chang to Transfer the Entire File from Dannez Hunter vs. Pepsico, Inc. 14-cv-6011 to become and Complete Part of the Record for All Exhibits to be Attached to the Civil or Amended Complaint pursuant to Minnesota Statute 626.557, Sub. 4, 5, 7, 8, 10(b) (1) (2) (3) (4) (5) (6), 17(b) (c) Including but not Limited to 15 U.S.C. 45(B) or be Held in Civil or Comptempt and Imprisoned under 18 U.S.C. 401(1) (2) (3) for Failure to Comply with a Congressional Decree for the Black Farmers Discrimination Litigation 08-MC-00511-PLF, Docket 170-2, Page 48 18 U.S.C. 983(D) (i) (iii) (iv) (v) ("EX - PARTE")," [Docket No. 5].

magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).